DAVID S. GORBATY, Judge.
L Peggy Ogden appeals the Workers’ Compensation Court’s judgment against her. For the reasons set forth below, we affirm.

FACTS AND PROCEDURAL HISTORY

On May 29, 1997, Peggy Ogden was driving north on Wisner Boulevard when her vehicle was rear-ended by Lorraine Young. Wade Schindler was a passenger in Ogden’s car at the time. Schindler allegedly suffered eye and shoulder injuries as a result of the accident and filed suit in Civil District Court for the Parish of Orleans against Young. The instant litigation commenced when Schindler brought a fraud action against Ogden under La. R.S. 23:1208, alleging that Ogden had misrepresented facts in her testimony in depositions, statements, and trial testimony, for the purpose of defeating payment of workers’ compensation benefits to Schindler.
After a trial, the workers’ compensation judge issued a judgment on April 16, 2004 against Ogden in the amount of $5,000.00 as a “civil penalty” payable to |j>Wade Schindler. On June 15, 2004, appellant submitted a Petition and Order for Appeal, which was granted the same day. Appel-lee filed a Motion to Dismiss Appeal on June 25, 2004, which was denied.
The Workers’ Compensation Office issued a Notice of Appeal Costs on June 30, 2004, which required a payment of $1,050.00 to secure a three hundred page transcript of the trial on the fraud allegation. Counsel for appellant allegedly telephoned the clerk in the Workers’ Compensation Office to inquire about the amount, explaining that the trial had lasted less than an hour, and asking that the payment to secure the transcript should be reduced. The costs were not reduced, and appellant did not remit payment.
*128 Since the costs had not been paid, the Workers’ Compensation judge issued a show cause order to consider the dismissal of the appeal. Appellant filed an Opposition to Dismissal of the Appeal, arguing that the appeal costs for the transcript of the hearing greatly exceeded the actual costs. Appellant did not appear at the hearing regarding the dismissal of the appeal. Subsequently, the court dismissed the appeal. Appellant filed a Motion for New Trial requesting reinstatement of the appeal, which was denied. This appeal followed.

DISCUSSION

In her first assignment of error, appellant asserts that the trial judge erred in assessing a civil penalty to a witness.
[¡¡This assignment of error was the subject of the appeal that was dismissed because of abandonment. The merits of that appeal are not before the court here. Rather, the instant appeal can only address whether the trial court properly dismissed the first appeal.
Appellant did not file a pleading with the trial court within three days, exclusive of holidays, after taking the appeal, designating what portion of the record was to be included. Thus, in accordance with La. C.C.P. art. 2128, the trial court was required to prepare a transcript of all the proceedings as well as all documents filed in the trial court.
Defendant’s counsel acknowledged that he received the notice of estimated costs for the appeal. Although he telephoned the clerk of court’s office and inquired about the amount due, he never filed a written application for reduction in the trial court within twenty days of receipt of the notice of costs as required by La. C.C.P. art. 2126(C).
La. C.C.P. art. 2126(E) provides:
If the appellant fails to pay the estimated costs, or the difference between the estimated costs and the actual costs, within the time specified, the trial judge, on his own motion or upon motion by the clerk or by any party, and after a hearing, shall:
(1) Enter a formal order of dismissal on the grounds of abandonment; or
(2) Grant a ten day period within which costs must be paid in full, in default of which the appeal is dismissed as abandoned.
Defendant failed to file a written application seeking reduction or appear at the hearing on the Motion to Dismiss for Abandonment. Pursuant to the provisions of La. C.C.P. art. 2126, the trial court properly dismissed the appeal as abandoned. _[^This assignment of error has no merit. As this ruling moots the remaining assignments of error, we pretermit discussion of them.

CONCLUSION

Accordingly, for the foregoing reasons, the judgment of the workers’ compensation court is affirmed.

AFFIRMED.